## *FRANCES REINHARDT v. ANNA FASCHNACHT.

**1. Words Charging a Crime.**

The petition charged that defendant spoke of plaintiff the words "She took my ring. I can have her put in jail," without averring special damage, but set out that in using the language, intended to charge plaintiff with stealing. The jury found that the words were used, and the court held that the words were susceptible of such a meaning.

**2. Defect in Petition Available After Judgment.**

Objection that no cause of action is stated in the petition, is available though not taken until after trial, verdict and judgment, and though the motion to set aside the judgment was not filed within three days.

Error to the Court of Common Pleas of Hamilton county.

Defendant in error brought her suit in the court of common pleas, for slander. The words charged in the petition to have been spoken of plaintiff were to plaintiff herself and to others. The words spoken to plaintiff were:

"I saw the ring you took from me in your room."

The words spoken to another by plaintiff as charged in the petition were:

"Your Cousin Faschnacht took my ring; she had better bring it back, the ring she took of me, or I will send some one for it. I can have her put in the county jail."

There are no special damages to plaintiff alleged in the petition. It is alleged that plaintiff has been damaged by the speaking of the words of her by

---

* This judgment was affirmed by the supreme court, without report, March 21, 1893.

defendant in the sum of $10,000 generally. The answer in the case is a general denial of all the facts contained in the petition.

On these pleadings, the case went to trial in the common pleas with a jury, and the jury returned a verdict for plaintiff, and assessed her damages at $200, and afterwards a judgment was rendered on the verdict for plaintiff. After the judgment, and at the same term, a motion was filed to set aside the judgment, for the reason that there was no pleading in the case on which a judgment could be rendered for plaintiff. The court overruled the motion, and defendant excepted to the ruling of the court.

Defendant, as plaintiff in error, then filed her petition in error, in the circuit court, to reverse the said judgment for errors, alleging that there was no pleading on which a judgment could be predicated.

It was claimed by plaintiff in error, that the petition did not state facts sufficient to predicate a judgment on, and the answer in no way aided the pleading of plaintiff.

The action being for slander, that the words to be actionable, must convey a charge of some act, criminal in itself, and indictable as such, or that the words so spoken must have produced a temporary loss to plaintiff in special damages sustained, citing: Hollingsworth v. Shaw, 19 O. S., 430, 433; Alfele v. Wright, 17 O. S., 238; Davis v. Brown, 27 O. S., 326; Hamm v. Wickliff, 26 O. S., 81; Merwin v. Weiant, 36 O. S., 184.

There was no statement here that there had been any crime committed in connection with the ring here, as in the cases of Alfele v. Wright, 17 O. S., 238; Hamm v. Wickliff, 26 O. S., 81.

All that is left is for the court to determine whether the words set out in the petition convey a charge of some act criminal in itself, the petition not alleging any special damages to plaintiff.

Section 5866 defines a larceny. Alfele v. Wright, 17 O. S., 238.

The objections of plaintiff do not come too late. Section 5064, Rev. Stat.; Cleveland & P. R. R. Co. v. Stackhouse, 10 O. S., 567; Galpin v. Lamb, 29 O. S., 529, 536; Cook v. Andrews, 36 O. S., 174, 178.

If there was no petition here the judgment could not stand. Mason v. Embree, 5 O., 278.

There would be no authority to try the case. Wilkinson v. Daniels, Wright, 368.

Proof must correspond with the allegation. Proof without allegation is as ineffectual as allegation without proof. Reynolds v. Morris, 7 O. S., 315.

Another class of cases decide where there is one good cause alleged in the petition, a general verdict would be supported by the petition. Youngstown v. Moore, 30 O. S., 133.

But that is no aid to the case herein, for there is no good count or cause of action stated.

Defendant in error claimed:

First—That no motion having been made to set aside the verdict within three days after it was rendered, it was conclusive.

Second—The objections to the judgment now urged not having been made below, could not be made now.

Third—That in construing the words spoken it was to be taken as the plaintiff alleged therein; and that if the words spoken did not make out a criminal offense charged, then inuendoes did.

SWING, J.

This case comes into this court on error to the court of common pleas.

The only question insisted on in the argument of the case was whether the petition of plaintiff stated facts sufficient to constitute a cause of action. No

demurrer was filed, nor was the question raised in any other way until the cause was brought here.

It is now urged that it was too late to take advantage of this defect, if it exists, and we do not find this point well taken. If the petition does not state a cause of action, it is not cured by a verdict and judgment.

But on the question as to whether the petition states a cause of action the court is of the opinion that there is a cause of action stated.

The plaintiff sets out the language of the defendant and that in speaking the words, she intended to charge the plaintiff with stealing. It is for the court to say whether the words used were susceptible of such a meaning, and for the jury to say, whether they were so used. We think it clear that the words so used are capable of such a construction if so intended, and the jury by their verdict has said that this is true. See Starkie on Slander, 84.

Judgment below affirmed without penalty.

Judge Cox dissents, on the ground that no cause of action was stated in the petition.

S. T. & W. L. Crawford, for plaintiff in error.

John Davis and K. Topp, for defendant in error.